## Case No. 10,558.

In re OREGON BULLETIN PRINTING &
PUBLISHING CO.

[13 N. B. R. 199; 10 Am. Law Rev. 380; 8
Chi. Leg. News, 81.] [1]

District Court, D. Oregon. Nov. 18, 1875. [2]

BANKRUPTCY — PETITION AGAINST CORPORATION—
REPEAL OF ACT OF 1867.

1. A petition to have a corporation adjudged
a bankrupt may be maintained under section
5122 of the Revised Statutes by any creditor of
such corporation, and the provision of section
12 of the act of June 22, 1874 [18 Stat. 180],
in relation to the number and amount of the
creditors required to join in such petition against
a natural person does not apply.

[Disapproved in Re Leavenworth Sav. Bank,
Case No. 8,166.]

2. The original bankrupt act of 1867 [14 Stat.
517], and all the acts amendatory thereof, ex-
cept the act of 1874 aforesaid, were superseded
by the title "Bankruptcy" of the Revised Stat-
utes, and repealed by section 5596 of said stat-
utes.

3. Quære, whether such appeal took effect
from the enactment of the Revised Statutes, on
June 22, 1874, or from December 1, 1873, the
date on which said statutes took effect, as de-
clared in section 5595 thereof.

[1] [Reported by L. S. B. Sawyer, Esq., and
here reprinted by permission.]

[1] [Reprinted from 13 N. B. R. 199, by permis-
sion. 10 Am. Law Rev. 380, contains only a
partial report.]

[2] [Reversed in Case No. 10,561.]

In bankruptcy.

George H. Durham, for motion.
Joseph Simon, contra.

DEADY, District Judge. On September 10, 1875, Blake, Robbins & Co., of San Francisco, Lewthwaite & Smith, H. W. Scott and H. L. Pittock, of Oregon, filed their petition in bankruptcy against the Oregon Bulletin Printing and Publishing Co., a corporation duly formed under the laws of Oregon, stating that they constituted one-fourth in number and one-third in value of the creditors of such corporation, and that the same owed each of them debts amounting in the aggregate to four thousand four hundred and eighty-one dollars; that within the six calendar months next preceding the date of said filing, said corporation committed five several acts of bankruptcy; for that, being insolvent, said corporation did make four certain payments to certain of its creditors, amounting in the aggregate to sixteen hundred and ten dollars, with intent to thereby give such creditors a preference, and also procure its property to be taken on legal process, for the purpose of foreclosing a chattel mortgage held by one of its creditors for the sum of six thousand dollars, and praying that for these causes said corporation may be adjudged a bankrupt. On September 21, the corporation filed an answer to the petition, containing, among other things, a denial that the petitioners constitute one-fourth in number and one-third in value of the defendants' creditors; and also a separate statement in writing to the same effect. The petitioners now move to strike out said denials as being irrelevant.

The motion is made upon the ground that a petition to have a corporation adjudged a bankrupt is not, as to the number and value of the creditors necessary to join therein, within the purview of section 39 of the bankrupt act, as amended by section 12 of the act of June 22, 1874, but is governed in this respect solely by section 5122 of the Revised Statutes. The latter section is given in the title "Bankruptcy" of the Revised Statutes, in place of section 37 of the act of 1867. By the latter the provisions of the act were applied to corporations. It provided that a corporation might be declared a bankrupt "upon the petition of any creditor or creditors" of the same, without any reference to the value of their debts. The section, as contained in the Revised Statutes, provides that the provisions of the act shall apply to private corporations, and that "upon the petition of any officer of any such corporation, * * * duly authorized by a vote of a majority of the corporators at any legal meeting called for the purpose, or upon the petition of any creditor of such corporation * * * made and presented in the manner provided in respect to debtors, the like proceedings shall be had and taken as are provided in the case of debtors." The section further provides substan-

tially as follows: 1st. All the provisions of the act "which apply to the debtor or set forth his duties" in relation to the bankruptcy are made applicable to the officers of such corporation. 2d. All payments, etc., declared fraudulent and void when made by a debtor are declared to have the same effect when made by a corporation. 3d. All the assets of a corporation declared bankrupt are to be distributed to its creditors, and no allowance or discharge is to be granted to it.

The Revised Statutes of the United States appear to have taken effect from December 1, 1873 (section 5595 et seq.), but were not enacted until June 22, 1874. They contain the title "Bankruptcy," numbered 61, which was intended as a substitute for the bankrupt act of March 2, 1867. On the same day congress passed "An act to amend and supplement" said Act of 1867. By this latter act, section 39 of the original act, the same constituting sections 5021, 5022, and 5023 of the Revised Statutes, was amended so as to require at least one-fourth in number and one-third in value of the creditors of a natural person to join in a petition to have him declared a bankrupt. Prior to this amendment it was only necessary that one or more creditors, the aggregate of whose debts amounted to two hundred and fifty dollars, should join in such petition. By means of section 5022 the statute is first applied to corporations. Upon its language it cannot be contended that any particular number of creditors whose debts are of any particular value are required to join in a petition to have a corporation adjudged a bankrupt. The words of the section are unambiguous and too plain to leave any room for construction. "Upon the petition of any creditor of such corporation, made and presented in the manner provided in respect to debtors, the like proceedings shall be had and taken as are provided in the case of debtors." The petition may be brought by "any creditor" of the corporation, without reference to the number of its creditors or the aggregate of their debts. True, the petition is to be "made and presented in the manner provided in respect to debtors." But surely, a direction as to the manner in which a petition is to be made and presented, does not touch the question by whom it is to be made and presented—more especially when, as in this case, the statute in that immediate connection—as it were in the same breath—declares that it may be made and presented by any creditor of the corporation. Does section 39, as amended by the act of June 22, 1874, expressly or by necessary implication modify or amend section 5122 of the Revised Statutes in any particular?

The act of 1874 was passed on the same day as section 5122. They are exactly cotemporaneous, and therefore there is nothing to be said in favor of such modification, upon the ground that section 39 is the later expression of the legislative will. If there really is any conflict between the two sections, there is as

much reason for holding that section 39 must yield to section 5122 as otherwise, so far as the time of their enactment is concerned. Again, the act of 1874, although it contains a general repealing clause (section 21), as to "all acts and parts of acts inconsistent with its provisions," does not contain any general amendments to the act of 1867, leaving the court to ascertain as best it might how far and where they are in conflict with the original, and therefore repel it by implication. On the contrary, all the amendments are specific; each section amended is named. The amendment is made by either striking out or inserting particular words at particular places, or, as in the case of section 39, by reforming the section so as to embody in it the desired changes, and then enacting it as amended. The rest of the sections are supplementary to the original act, and not in conflict with it. There is, then, no reason to presume that the amendment to section 39, providing who must join in a petition to have a natural person adjudged a bankrupt, was intended to amend or modify section 37 of the act of 1867 or its substitute, section 5122, as to who might maintain a petition to have a corporation declared a bankrupt. On the contrary, if it was intended to amend this section so as to require a certain proportion in number and amount of the creditors to join in a petition for that purpose, the inference from the circumstances is satisfactory, that it would have been done specifically and directly, as in the case of the other twelve amended sections. Section 5122 not being amended by the act of 1874, it and section 39 stand in the same relation to one another that they did in the original act. By that, as has been shown, while a natural person could only be declared a bankrupt upon the petition of one or more of his creditors, whose debts, in the aggregate, amounted to two hundred and fifty dollars, a corporation might be so declared upon the petition of such creditors without reference to the amount of their debts.

The two sections are separate provisions relating to distinct subjects—the one, the involuntary bankruptcy of natural persons and the other that of corporations. They are not contradictory or in conflict, and both may stand and have effect upon the subject-matter to which they respectively relate. The reason of the difference between the two sections may not be so apparent as the difference itself. But several reasons suggest themselves. In the case of a corporation the bankrupt is neither entitled to any allowance nor a discharge. By reason of the adjudication it is in effect dissolved, and its existence terminated. There is nothing left to grant a discharge to. It is stripped of all its property and rights of property, and can acquire no more. The law creates it and the law destroys it. But in the case of a natural person, the bankrupt is entitled to an allowance and a discharge from his debts upon certain conditions, and by the act of 1874 (section 12) in a case of compulsory bankruptcy, he is entitled to a discharge without reference to the proportion between his assets and debts, "or the assent of any portion of his creditors." On this account it may have been thought necessary to require, in the case of a natural person, a certain proportion in number and amount of the creditors to join in the petition to prevent collusion between a debtor and a friendly creditor. The very fact that the act of 1874 (section 12) requires the judge to be satisfied that the written admission of the debtor that the requisite number and amount of creditors have petitioned to put him into bankruptcy is made in good faith, gives strong color to this suggestion. When a statute requires a court to be satisfied that an admission in the pleadings of the defendant that the plaintiff is entitled to sue, is made in good faith, it is a reasonable inference that the enactment was intended to guard against collusion. Again, it is well known that the amendments contained in the act of 1874 were passed under the influence of the panic of 1873. Under such circumstances, sympathy for the debtor class may have induced congress to provide that a natural person should not be forced into bankruptcy except upon the petition of a large proportion of his creditors, and thereby prevent his being pressed to the wall, unless in an extreme case; while, in the case of an artificial person, as a corporation, which is created upon the implied condition that its existence depends upon its solvency, no such consideration would or ought to have effect.

By the laws of most civilized countries, mere inability to pay its debts is a cause of dissolution against a corporation. Being insolvent, it has ceased to fulfill the law of its being, and ought no longer to exist, unless by the consent or forbearance of all its creditors. But if section 39, as amended by the act of 1874, is applicable to corporations, then their existence may be prolonged with impunity, against the wishes and interests of any number of the creditors less than one-fourth in number and one-third in value of the whole, long after they are both insolvent and bankrupt. Or it may be that the difference between the two sections is a casus omissus—the result of a mere oversight on the part of congress. But however this may be the distinction exists, as to who may maintain a petition in involuntary bankruptcy. One rule is prescribed in the case of a corporation and another in that of a natural person. To confound or obliterate this distinction by construction—by the merest assumption that section 39 was intended to modify section 5122—is not only going beyond the office and power of a court but in a direct opposition to it. As is well said by a distinguished commentator: "Upon all acts of the legislature, such construction should be made as that one clause shall not frustrate or destroy, but on the contrary,

shall explain and support another—sound exposition requiring effect to be given to every significant clause, sentence, or word in a statute." Smith, Const. Law, § 575.

On the argument of the motion counsel for the defendant cited the clause in section 5013 of the Revised Statutes (section 48 of the act), which declares that,· in the title "Bankruptcy," "the word 'person' shall also include corporation," and argued therefrom, that as by section 39 a "person" can only be adjudged a bankrupt upon the petition of a certain proportion of his creditors, so is it, also, in the case of a "corporation," for the reason. that the word "person" being made to include that of "corporation," any provision of this title relating to a "person" is also applicable to a "corporation." This conclusion may be admitted so far as the statute does not otherwise expressly or by necessary implication provide. For instance, the statute provides that a "person" shall be entitled to a certain allowance out of his property, and under certain circumstances to a discharge from his debts. Now in these two cases, the word "person" does not include a corporation, because the statute (section 5122, Rev. St.) expressly provides that "no allowance or discharge shall be granted to any corporation or joint stock company. or to any person or officer or member thereof." But the clause cited from section 5013 of the Revised Statutes, declaring that the word "person" in the title "Bankruptcy" shall include "corporation," has no application to section 39 of the act of 1867, as amended by section 12 of the act of 1874. A few words will make this apparent. The original act of 1867 and all the acts amendatory thereof, prior to that of 1874, are no longer in force. They are superseded by the title "Bankruptcy," of the Revised Statutes, which is itself a new statute, differing in many particulars from the original one, and were repealed by section 5596 of the Revised Statutes on December 1, 1873, or June 22, 1874. Therefore, section 48 of the act of 1867, containing this definition of the word "person." is no longer in force. Section 5013 has taken its place; but this section, in declaring the word "person" to include a corporation, limits its operation to the title "Bankruptcy" of the Revised Statutes. Now, section 39 of the act of 1867, as amended by section 12 of the act of 1874, is no part of the Revised Statutes, but is an independent statute passed on the same day as the latter. So it follows, that the word "person" in that section is not to be enlarged in its operation on account of the definition given to it as used in Rev. St. tit. "Bankruptcy." But it may be conceded that in the absence of any statute definition to that effect, the word "person" should be construed to include a corporation, unless it appears that it was used in a more limited sense. Such is the rule prescribed in section 1 of the Revised Statutes, which provides that, "in determining the meaning" of said statutes, or any act

of congress passed subsequent to February 25, 1871, "the word 'person' may extend and be applied to partnerships and corporations, * * * unless the context shows that such word was intended to be used in a more limited sense."

The act of 1874 being passed since 1871 is within the purview of this provision, and therefore the word "person," wherever it occurs in it, ought to be construed to include a corporation, unless the context shows that such was not the intention. On this point there can be but little, if any, doubt. The context, which is the title "Bankruptcy," of the Revised Statutes and the contemporaneous act of 1874, shows plainly that the application of the statutes of bankruptcy, including section 12 of the act of 1874, to corporations, is generally provided for in section 5122 of the Revised Statutes, and particularly as to who may maintain a petition against a corporation.

It was also objected to this motion by counsel for defendant, that the allegations sought to be stricken out were made in response to an allegation in the petition. So far as I have looked into them, there seems to be some conflict or confusion among the authorities upon this point. None were cited on the argument. I think the better rule is to allow a motion to strike out irrelevant or immaterial matter in a pleading, although it may be a mere denial of an immaterial allegation in a prior pleading. But in such case, the motion. in analogy to the rule in case of a demurrer, should be held to reach back to and include the first fault.

The motion to strike out is allowed, including the allegation in the petition concerning the number and amount of the creditors joining therein.

[NOTE. An adjudication in bankruptcy was had, founded on a verdict of the jury. Case No. 10,559. Subsequently a motion to stay proceedings pending a petition for review in the circuit court was overruled. Id. 10,560. The case was heard by the circuit court on review in Id. 10,561.]